IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALLEN CHARLES GARNER, # 161552, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.  2:04cv618-WKW |
| | )                    (WO) |
| PRISON HEALTH SERVS., INC. *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the inmate plaintiff, Allen Charles Garner ("Garner"), complains that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him adequate medical care.  Specifically, Garner alleges that when he arrived at Kilby Correctional facility on June 2, 2004, the defendants took his orthopaedic support shoes, cane and medications.[1]  As a result, he was in pain until his shoes and cane were returned to him on June 28, 2004.  The plaintiff seeks monetary damages for his pain and suffering.

The defendants have filed special reports and evidentiary material pursuant to the orders of the court.  The court has previously determined that the special reports should be treated as a motion for summary judgment.  The plaintiff was provided an opportunity to respond to the motion and has done so.  Upon consideration of the motion, pleadings,

---

[1] Garner does not allege that he has been denied his medications.  Rather, he alleges that he should be allowed to keep his medications in his possession.

responses and evidentiary material filed in support of and in opposition to the motion, the court concludes that the motion for summary judgment is due to be granted.

**FACTS**

The facts are relatively simple and undisputed. On June 2, 2004, Garner arrived at Kilby Correctional facility from a Staten Island, New York, correctional facility. Upon his arrival, prison officials at Kilby took Garner's orthopaedic support shoes, cane, and the medication that was in his possession. On June 3, 2004, Garner underwent a medical intake screening. At that time, he complained that he suffered from asthma, left knee pain and right hip pain. Garner was allowed by medical officials to keep his knee brace, and he was prohibited from prolonged walking or standing. Garner was also prescribed Albuterol and Q-var for his asthma. However, the medical personnel discontinued Garner's use of a cane. The medical officials also made a request for Garner's medical records to be sent from the Staten Island facility.

On June 14, 2004, Garner's records had not yet arrived from New York, so officials made another request. He was continued on the same treatment as implemented on June 3, 2004. On June 25, 2004, Garner made a sick call request, complaining of knee pain, back pain, hip pain and asthma. He requested his shoes, cane and asthma medication. On June 28, 2004, Garner was seen by medical personnel and his medical profile was changed to allow him to have his orthopaedic shoes and cane. He was continued on his asthma medication. On July 6, 2004, he presented for a follow-up on his left knee. An x-ray of his

left knee revealed mild osteoarthritic changes in the medial compartment of the left knee. However, no edema or effusion was noted. Garner was allowed to keep his knee brace, and was prescribed over the counter pain medication (Tylenol) and moist heat. He was also continued on the same medication regime to control his asthma.

## DISCUSSION

### A. Standard of Review

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence to support his constitutional claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is due to be granted in favor of the moving party. *Celotex,* 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex,* 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to a liberal interpretation by the courts, a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a material fact in order to avert summary judgment. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). The record in this case demonstrates that the plaintiff has failed to establish that there is any genuine issue as to a material fact in order to avert judgment in favor of the defendants.

### B. Deliberate Indifference to Medical Needs

The plaintiff complains that the defendants were deliberately indifferent to his serious medical needs by initially taking his shoes, cane and medication and then by delaying the return of those items to him. To prevail in a suit based on an Eighth Amendment claim concerning serious medical needs, a prisoner must show at a minimum that prison officials acted with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. A prison or medical official may be held liable under the Eighth Amendment for acting with "deliberate

4

indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Thus, to survive summary judgment on this claim, the plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *See LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993). Prison officials must have been deliberately indifferent to a known danger before the court can say that their failure to intervene offended "evolving standards of decency," thereby rising to the level of a constitutional violation. *Estelle*, 429 U.S. at 105-06. The known risk of injury must be "'a strong likelihood, rather than a mere possibility'" before a prison official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989). Under this standard, a prison or medical official does not act with indifference by providing medical care that is different from that which a prison inmate desires. *See Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

> The "seriousness" of an inmate's medical needs also may be decided by reference to the effect of delay in treatment. . . . An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Further, we have held that "the tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." *Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir. 1994) . . . Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay.

*Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1189-89 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

The medical records filed in this case demonstrate without dispute that the plaintiff received medical care for his knee pain, hip pain and asthma. Although the plaintiff argues that the defendants should not have taken his orthopaedic support shoes and his cane, he presents no evidence that the denial of his shoes or cane created a substantial risk to his health. It is undisputed that the plaintiff's shoes and cane were taken from him when he arrived at Kilby Correctional facility from New York. It is also undisputed that the plaintiff's shoes and cane were returned less than four weeks later after Garner was examined by the Kilby medical personnel and his records from New York were received and reviewed.

Although the plaintiff maintains that he endured pain while awaiting the return of his shoes and cane, he has failed to present any medical evidence establishing that he suffered any detrimental effect as a result of the defendants' actions or that the defendants in any way disregarded a substantial risk to his health by delaying the return of his shoes and cane until after his examination and their receipt of his medical records. *See generally Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003). At best, the plaintiff offers the court nothing more than his own unsubstantiated opinions about the quality of the medical care which he received. The plaintiff's opinions are insufficient to create a genuine issue, and his failure to support his claim with medical or scientific evidence is fatal to it. *See Brown*, *supra* (A pro se litigant's allegation of contaminated drinking water found unsubstantiated and completely speculative

because the litigant failed to submit a doctor's diagnosis for any medical examination evidence supporting those allegations). Therefore, it is clear that the plaintiff has failed to establish a genuine issue about deliberate indifference on the part of the defendants with respect to this aspect of his claim.

To the extent that the plaintiff complains that the defendants were deliberately indifferent to his medical needs when they took his medications from him, he is entitled to no relief on this basis. Garner does not dispute that he was provided Albuterol and Q-var medication for his asthma. Rather, he complains that he was not allowed to keep the Singulair pills prescribed by the doctor in New York on his person and in his possession. It is clear that the plaintiff's disagreement is with the efficacy of his treatment. Garner's desire for different or additional treatment does not establish a constitutional violation. *Hamm, supra*. The plaintiff has not shown by medical evidence consistent with FED. R. CIV. P. 56(e) that the treatment he received for his asthma of Albuterol and Q-var instead of Singulair was so deficient as to amount to deliberate indifference in violation of the Eighth Amendment. *See Brown, supra*.

Finally, even if the court were to assume that the defendants were negligent in the manner in which they handled Garner's shoes, cane and medication, mere negligence in providing medical care is insufficient to violate the Constitution. *Estelle, supra*.

In the final analysis, the plaintiff has failed to come forward with any evidence that the defendants knew that he faced as a substantial risk of serious harm and disregarded that

risk by failing to take reasonable measures to abate it. *Farmer, supra.* It is undisputed that the plaintiff received medical treatment for his complaints and that he was provided access to follow-up medical care. Garner has failed to establish a genuine issue about deliberate indifference on the part of the defendants. *Brown,* 906 F.2d at 670. Summary judgment is therefore due to be granted in their favor on this claim. *Celotex,* 477 U.S. at 322-23.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for summary judgment filed by the defendants be granted and that this case be dismissed with prejudice. It is further the recommendation of the Magistrate Judge that the costs of this proceeding be taxed against the plaintiff. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 16, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 3rd day of May, 2006.

                                            /s/Charles S. Coody
                                       CHARLES S. COODY
                                       CHIEF UNITED STATES MAGISTRATE JUDGE